

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-49,656-06

### EX PARTE DAVID LYNN CARPENTER

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. F9777949-U IN THE 291ST JUDICIAL DISTRICT COURT
### DALLAS COUNTY

*Per curiam.*

### O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure Article 11.071, section 5.[1]

Applicant was convicted in March 1999 of capital murder committed in August 1991.

TEX. PENAL CODE ANN. § 19.03(a). Based on the jury's answers to the special issues set

---

[1] Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal Procedure.

forth in the Texas Code of Criminal Procedure, Article 37.071, sections 2(b) and 2(e), the trial court sentenced him to death. Art. 37.071, § 2(g). This Court affirmed applicant's conviction and sentence on direct appeal. *Carpenter v. State,* No. AP-73,442 (Tex. Crim. App. Oct. 24, 2001) (not designated for publication).

Applicant filed his initial habeas application in the trial court on August 30, 2000. This Court denied relief. *Ex parte Carpenter,* No. WR-49,656-01 (Tex. Crim. App. Dec. 19, 2001) (not designated for publication). Applicant then filed a petition for a writ of habeas corpus in federal district court. *Carpenter v. Davis,* No. 3:02-CV-01145 (N. D. Tex. March 13, 2003). On July 18, 2003, while the federal petition was pending, applicant filed his first subsequent state writ application. We dismissed that application. *Ex parte Carpenter,* No. WR-49,656-02, slip op. at 2 (Tex. Crim. App. Oct. 1, 2003) (not designated for publication) ("This Court will not consider this request for relief so long as relief is being sought in federal court."). The federal district court then stayed the proceedings. *Carpenter,* No. 3:02-CV-01145, Docket No. 39.

Applicant filed his second subsequent application on April 19, 2004. Following remand, we denied relief. *Ex parte Carpenter,* No. WR-49,656-03 (Tex. Crim. App. March 7, 2007) (not designated for publication). Applicant filed his third subsequent application with the trial court on Dec. 16, 2010. We dismissed it as subsequent. *Ex parte Carpenter,* No. WR-49,656-04 (Tex. Crim. App. May 11, 2011) (not designated for publication). Applicant filed his fourth subsequent application on May 22, 2014. We dismissed it as

subsequent. *Ex parte Carpenter,* No. WR-49,656-05 (Tex. Crim. App. Oct. 8, 2014).

Applicant then filed this fifth subsequent application for writ of habeas corpus in the convicting court on Nov. 20, 2017. In compliance with Article 11.071, section 5(b)(1), the convicting court forwarded this application to this Court.

This application includes six allegations. Attempting to meet the requirements of Article 11.071, section 5, applicant asserts that he has new scientific evidence in support of his claim concerning eyewitness-identification expert testimony, placing the allegation within the ambit of Article 11.073. Applicant asserts that his *Brady*[2] and false testimony claims meet the exceptions of Article 11.071, section 5(a). Applicant also urges this Court to reach the merits of his ineffective assistance of trial counsel claims. He asserts that previous habeas counsel was ineffective for failing to raise them, and he argues that we should overrule *Ex parte Graves,* 70 S.W.3d 103, 113 (Tex. Crim. App. 2002), in which we held that claims of ineffective assistance of prior habeas counsel are not cognizable in post-conviction writ proceedings. Applicant urges us to apply the rationale of *Martinez v. Ryan,* 132 S. Ct. 1309, 1320 (2012), and *Trevino v. Thaler,* 133 S. Ct. 1911, 1920-21 (2013), to state habeas proceedings. Those cases held that the rules of procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if state law requires, as a practical matter, that such claims be raised in an initial-review collateral proceeding and counsel in that proceeding was ineffective for failing to raise the claim.

---

[2] *Brady v. Maryland,* 373 U.S. 83, 87 (1963).

A review of applicant's prior writ applications demonstrates that he actually raised his current claims, or substantially similar claims relying on the same scientific and factual bases, in his previous applications. Only his *Brady* and false testimony allegations concerning eyewitness Whittal have not been raised in a previous application. But these claims fail to "allege sufficient specific facts that, if proven, establish a federal constitutional violation sufficiently serious as to likely require relief from his conviction or sentence." *See Ex parte Campbell,* 226 S.W.3d 418, 422 (Tex. Crim. App. 2007).

We have reviewed this subsequent application and find that the allegations fail to meet the requirements of Article 11.071, section 5 and Article 11.073. Therefore, we dismiss this application as an abuse of the writ without considering the merits of the claims. Art. 11.071, § 5(c).

IT IS SO ORDERED THIS THE 28TH DAY OF MARCH, 2018.

Do Not Publish